Barney, Judge,
delivered the opinion of the court:
This is a suit brought by the clerk of a Federal court for additional compensation in naturalization proceedings. The claimant was clerk of the Circuit Court of the United States for the District of Massachusetts from July 1, 1911, to December 31, 1911, a period of six months, and during that time collected fees in naturalization proceedings amounting to $6,151, of which he retained $3,000 and transmitted the balance to the Department of Commerce and Labor. He was advised by the department that he was not entitled to retain $3,000, but only his pro rata share of the yearly maximum for the period covered, which was $1,500, and was called upon to pay over to the department the additional $1,500 which he had retained, and which he afterwards did under protest.
The Circuit Court for the District of Massachusetts was abolished by the act of March 3, 1911, 36 Stat., 1087, and the District Court of Massachusetts established in its place. The plaintiff was made clerk of the new court thus established, so that there was no break in his services as clerk of what was in reality the same court from the date of his appointment as clerk of the said Circuit Court until the bringing of this suit.
The question presented in this case is whether under the statutes hereinafter quoted the claimant is entitled to the full maximum sum allowed for fees collected in naturalization proceedings in any one fiscal year received during six months of such year if the amount received is more than double the amount so retained. The decision of this question will depend upon the construction of the following statutes. Section 13 of the act of June 29,1906, 34 Stat., 600, after prescribing certain fees which the clerk of the court must charge, collect, and account for in naturalization proceedings, provides as follows:
“The clerk of any court collecting such fees is hereby authorized to retain one-half of the fees collected by him in such naturalization proceeding; the remaining one-half of the naturalization fees in each case collected by such clerks, respectively, shall be accounted for in their quarterly *107 accounts, which they are hereby required to render the Bureau of Immigration and Naturalization, and paid oyer to such bureau within 30 days from the close of each quarter in each and every fiscal year, and the moneys so received shall be paid over to the disbursing clerk of the Department of Commerce and Labor, who shall thereupon deposit them in the Treasury of the United States, rendering an account therefor quarterly to the Auditor for the State and Other Departments, and the said disbursing clerk shall be held responsible under his bond for said fees so received.
* * * * *
“ Provided, That the clerks of courts exercising jurisdiction in naturalization proceedings shall be permitted to retain one-half of the fees in any fiscal year up to the sum of $3,000, and that all fees received by such clerks in naturalization proceedings in excess of such amount shall be accounted for and paid over to said bureau as in case of other fees to which the United States may be entitled under the provisions of this act. The clerks of the various courts exercising jurisdiction in naturalization proceedings shall pay all additional clerical force that may be required in performing the duties imposed by this act upon the clerks of courts from fees received by such clerks in naturalization proceedings. And in case the clerk of any court collects fees in excess of the sum of $6,000 in any one year, the Secretary of Commerce and Labor may allow to such clerk from the money which the United States shall receive additional compensation for the employment of additional clerical assistance, but for no other purpose, if in the opinion of the said Secretary the business of such clerk warrants such allowance.”
Section 2687 of the Revised Statutes is as follows:
“ Sec. 2687. Collectors and all other officers of the customs serving for a less period than a year shall not be paid for the entire year, but shall be allowed in no case a greater than a pro rata of the maximum compensation of such officers, respectively, for the time only which they actually serve as such collectors or officers, whether the same be under one or more appointments, or before or after confirmation. And no collector or other officer shall in any case receive for his services, either as fees, salary, fines, penalties, forfeitures, or otherwise, for the time he may be in service, beyond the maximum pro rata rate provided by lawr. And this section shall be applied and enforced in regard to all officers, agents, and employees of the United States whomsoever, as well as *108 those whose compensation is determined by a commission on disbursements not to exceed an annual maximum, as those paid by salary or otherwise.”
If our decision depended upon the construction of the act of June 29, 1906, standing alone, we should be reluctant to allow the claim of the plaintiff.’ It is therein provided that the “ clerks of courts exercising jurisdiction in naturalization proceedings shall be permitted to retain one-half of the fees in any fiscal year up to the sum of $3,000,” etc. It is clear from this language that Congress only intended an allowance of $3,000 out of naturalization fees received by clerks of courts for the full term of one year. Difficulty, however, might arise in giving practical construction to this intention when there were several incumbents of the office in any one fiscal year. That question is not considered or decided by the court, as it is not necessary for the decision of this suit to construe that statute as standing alone, for it is believed that the section of the Revised Statutes quoted puts this question beyond controversy.
If section 2687 R. S. is construed in connection with the act of June 29, 1906, it is not and can not be contended that the plaintiff was entitled to retain from the naturalization fees received by him more than his pro rata share for the whole year during which such fees were received. It is contended, however, by the plaintiff that the latter act is a special one, being a comprehensive statute, as its title shows, providing for all naturalization proceedings, and for that reason should not be construed in connection with any other statute.
It may be well said in reply to this contention that section 2687, Revised Statutes, is equally special and comprehensive and in specific terms applies to “ all officers, agents, and employees of the United States whomsoever.” The act of June 29, 1906, was passed with presumptive knowledge of the existence of section 2687 R. S., and under well-settled rules of the construction of statutes both must be given force and effect if the latter act is not inconsistent with the former. In this connection we quote from Sutherland on Statutory Construction:
*109 “ Sec. 287. The legislature are presumed to know existing statutes, and the state of the law, relating to the subjects with which they deal. Hence, that they would expressly abrogate any prior statutes which are intended to be repealed by new legislation. Where there is no express repeal none is deemed to be intended, unless there is such an inconsistency as precludes this assumption; then it yields only to the extent of the conflict. Eegard must be had to all the parts of a statute, and to the other concurrent legislation in pari materia; and the whole should, if possible, be made to harmonize.”
* * # * *
“ Sec. 288. Where enactments separately made are read m pan materia, they are treated as having formed in the minds of the enacting body parts of a connected whole, though considered by such body at different dates and under distinct and varied aspects or the common subject.”
We see nothing inconsistent in these two statutes, and if both are given force and effect we do not see how the claim of the plaintiff can be sustained. It might be here noted that section 2687 E. S. was held applicable to consuls in the following cases: Marston v. United States, 71 Fed. Rep., 496; Mahin v. United States, 41 C. Cls., 1.
The plaintiff relies much upon the decision of the United States Circuit Court in the case of United States v. Pearce, 2 Sumner, 575. That was a suit involving the right to fees of the collector of customs and the statute considered was radically different from the act of June 29, 1906. But as this suit is not decided upon the latter statute alone it is not necessary to consider this difference, but only call attention to the fact that section 2687 E. S. was not in force at the time of the decision of that case, that suit arising in 1829 and section 2687 E. S. becoming a law February 11, 1846. We are also referred by the plaintiff to the case of United States v. Hill, 120 U. S., 169, as sustaining his position that section 2687 has no application in this case. The only question presented there was whether at that time (1879-1885) the fees received by the clerks of United States district courts in naturalization proceedings should be accounted for by him in making up his returns. It was held that under the law at that time such accounting was not required and that such fees belonged to him. It might be noted that the de *110 cisión in that case was based largely on the fact that for more than 40 years the clerks of United States district courts in Massachusetts had charged such fees (although no fees for such services were provided for by statute) and had never accounted for the same, which fact was well known by the judges who certified to the correctness of the returns of such clerks. The following paragraph from the opinion of the lower court in that case, and quoted with approval by the Supreme Court, is very significant in this case:
“ It was stated at the bar that,a bill was introduced in the last Congress to require the clerks to make returns on all fees which they should receive' for naturalizations and as commissioners, but failed to become a law. If a change in the' practice should be thought desirable, it is obvious that it should be made by Congress and not by the courts.”
Section 2687 was not discussed or even mentioned in the learned opinion, for the evident reason that it had no application whatever.
Since that case was decided Congress has made provision regarding the fees of clerks of courts in naturalization proceedings, and it is that statute and its relation to other laws that we are here construing.
We see no force in the contention of the plaintiff that there was any trust relation existing between the parties as to the fund which the Secretary of Labor might allow the plaintiff for additional clerical services in case his fees collected should exceed $6,000. If the Secretary was of the opinion that the clerk needed such additional clerical services he could make an additional allowance to him for that purpose. The clerk employed the parties who rendered these clerical services and paid for them out of the fees received by him. It was simply a matter of bookkeeping between him and the Secretary of Labor. We might add in this connection that no evidence was presented in this case as to any difference between the plaintiff and the Secretary of Labor upon the question of pay for additional clerical services.
It follows from the foregoing that the motion of the plaintiff for a new trial should be denied.