### ROBB v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 17, 1916.)

#### No. 2102.

CLERKS OF COURTS ☞61—FEES—NATURALIZATION.

    Naturalization Act June 29, 1906, c. 3592, § 13, 34 Stat. 600 (Comp. St. 1913, § 4372), fixing the fees for naturalization, provides that clerks of courts exercising jurisdiction in such proceedings shall be permitted to retain one-half of the fees in any fiscal year up to the sum of $3,000, and that all fees in excess of such amount shall be accounted for and paid over to the Bureau of Naturalization. Rev. St. § 2687 (Comp. St. 1913, § 5394), declares that collectors of customs and all other federal officers serving for a less period than a year shall not be paid for the entire year, but shall be allowed in no case a greater than a pro rata of the maximum compensation for the time only which they actually serve. The clerk of the Circuit Court during the period from July 1, 1911, to December 31, 1911, when the office was abolished, received over $4,000 as fees in naturalization cases. *Held* that, as the Naturalization Act did not repeal the section 2687, the clerk could not, for the half-year period, retain more than $1,500 of such fees.

    [Ed. Note.—For other cases, see Clerks of Courts, Dec. Dig. ☞61.]

In Error to the District Court of the United States, for the Eastern District of Pennsylvania.

Action by the United States against Mabel H. Robb, executrix of the last will and testament of Henry B. Robb, deceased. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Theodore W. Reath, Sharswood Brinton, and F. Markoe Rivinus, all of Philadelphia, Pa., for plaintiff in error.

Francis Fisher Kane, U. S. Dist. Atty., of Philadelphia, Pa., for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. This case involved one of those accounting disputes, which arose between the government and clerks of the Circuit Court when that court was abolished. The facts of the case are fully set forth in the opinion of the court below, which is set forth in the margin.[1]

[1] 1. That Henry B. Robb held the office of clerk of the United States Circuit Court for the Eastern District of Pennsylvania during the year 1911, and that on December 31, 1911, the office of such clerk ceased to exist by operation of law; the said Circuit Court having been abolished by the act of Congress of March 3, 1911.

2. During the six months beginning July 1, 1911, and ending December 31, 1911, certain moneys, amounting to $4,151, came into the hands of the said Henry B. Robb, as clerk aforesaid, as fees collected by him in naturalization cases, as appears by copies of his quarterly reports submitted to the Department of Commerce and Labor, appended to the stipulation filed in this case. This sum of $4,151 was made up as follows: $2,697 came into his hands during the quarter ending September 30, 1911, and $1,454 came into his hands during the quarter ending December 31, 1911.

3. At the end of the first quarter, to wit, on October 1, 1911, the said Henry B. Robb retained as his compensation for such quarter $1,348.50, that being one-half of the moneys that had so come into his hands, and at the termination of the quarter ending December 31, 1911, he retained as his commission $727, that being one-half of the moneys that had so come into his hands during the said quarter. In each case the said Henry B. Robb claimed that he was entitled under the law to retain the said sums of money.

4. The said Henry B. Robb transmitted to the Chief of the Division of Naturalization of the Department of Commerce and Labor on the dates mentioned the sums of $1,348.50 and $727, respectively, the remaining halves of the amounts of money that had so come into his hands.

5. The said Henry B. Robb is dead, and letters testamentary under his will have been granted to Mabel H. Robb, who is at present his executrix.

6. The plaintiff claims that the said Henry B. Robb was entitled to retain as his compensation for the two quarters mentioned only one-half of $3,000. He retained $2,075.50, and the plaintiff claims that there is now due from his estate the sum of $575.50, with interest thereon from December 31, 1911. Demands were duly made by the plaintiff upon the said Henry B. Robb during his lifetime for a recovery of this sum, and such demands have been subsequently made upon his executrix since his death, but payment has not been made to the plaintiff in the said sum of $575.50, or any part thereof.

The plaintiff requests the court to find also the following conclusion of fact, namely:

7. The Department of Commerce and Labor, as also the Department of Labor since its creation, have invariably required the prorating of the $3,000 maximum of naturalization fees which the clerk of a court may retain in any fiscal year, where the duties imposed by the act of June 29, 1906, have extended over only a portion of the fiscal year. The custom and practice of the department has been uniform, long-continued, and contemporaneous with the administration of the said naturalization law by the federal government.

The finding requested is declined, because the court is of opinion that the evidence does not show an established practice of the Departments in existence for sufficient length of time before the present suit was brought to have any bearing upon the issue in this case.

Conclusions of Law.

1. It was the purpose of Congress under section 13 of the Naturalization Act of 1906 to provide annual compensation to the clerk of the court for his services in naturalization cases at a maximum of $3,000 for each fiscal year.

2. The provisions of section 2687 Revised Statutes (Comp. St. 1913, § 5394)

As we agree with the conclusion reached by Judge Thompson, we restrict ourselves to affirming the case on his opinion, noting the fact, also, that the same conclusion was reached in Darling v. United States, Case No. 32514, Court of Claims.

applied to clerks of the Circuit Courts, and that section was not repealed as to such clerks by the act of June 29, 1906 (34 Stat. 600).

3. Henry B. Robb, deceased, being clerk of the Circuit Court of the United States for the Eastern District of Pennsylvania from July 1, 1911, to December 31, 1911, having received in naturalization fees during the said period the sum of $4,151, in retaining the sum of $2,075.50, retained the sum of $575.50 in excess of the maximum of $1,500 for that half year to which he was entitled under the act of June 29, 1906 (34 Stat. 600), and section 2687 of the Revised Statutes.

4. The plaintiff is entitled to judgment in the sum of $575.50, with interest thereon from December 31, 1911.