## GROSS, County Clerk, et al. v. UNITED STATES.

### No. 6988.

Circuit Court of Appeals, Ninth Circuit.
March 27, 1933.

Earl Warren, Dist. Atty., and Ralph E. Hoyt and R. Robert Hunter, Deputy Dist. Attys., all of Oakland, Cal., for appellants.

I. M. Peckham, U. S. Atty., and Robert B. McMillan and Dan. C. Murphy, Jr., Assts. U. S. Atty., all of San Francisco, Cal., for the United States.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

The government brought an action against George E. Gross as county clerk of Alameda county, Cal., and against the county of Alameda, a political subdivision in the state of California, to recover the sum of $750 on account of naturalization fees collected in such proceedings in the superior court of California for Alameda county.

The parties entered into a stipulation agreeing to the facts. For the first and second quarters of the fiscal year 1931–32 the amount of naturalization fees collected by the county clerk was $2,430 and $3,200, respectively, of which he paid one-half, to wit, $1,215 and $1,600, to the United States. In the third quarter, from January 1 to March 31, 1932, he collected $2,730, and paid to the United States the sum of $2,545. The total amount thus retained by the clerk during the first three quarters was $3,000. The government, on the 6th of April, 1932, demanded of the defendants the sum of $750, which is the difference between the $3,000 retained by the clerk and the amount due the clerk for the first three quarters upon a pro rata basis, to wit, $2,250. It is conceded that, under the rule established by the Secretary of Labor, the government should recover the $750 aforesaid.

It is contended, however, that this rule (par. 3, sub. B, rule 2, Naturalization Regulations), which requires the clerk to remit to the Commissioner of Naturalization each quarter all the fees received from proceedings in naturalization over and above the pro rata of the maximum amount to be retained by the clerk for the year ($3,000) is in conflict with the statute which it is claimed expressly permits the clerk to retain one-half of all naturalization fees received by him up to the sum of $3,000 (section 13, Act of June 29, 1906, 34 Stat. 600, 8 USCA § 402, amended June 25, 1910, 36 Stat. 829; June 12, 1917, 40 Stat. 171; February 26, 1919, 40 Stat. 1182; February 11, 1921, 41 Stat. 1099; March 4, 1921, 41 Stat. 1412; and March 2. 1929, 45 Stat. 1514). This section (8 USCA § 402) authorizes the clerk to retain "one-half of the fees collected by him," and requires him to account for the remaining half to the Bureau of Naturalization within thirty days from the close of each quarter of each and every fiscal year to be paid to the disbursing clerk of the Department of Labor, who shall thereupon deposit them in the treasury of the United States, accounting therefor quarterly to the general accounting office.

It is also provided in the section that the clerks shall be permitted to retain one-half the fees in any fiscal year up to $3,000, and that all fees received by such clerks in excess of such amount shall be accounted for and paid over to the Bureau "as in the case of other fees to which the United States may be entitled under the provisions of this chapter." It is provided that the clerks of the various courts shall pay for all additional clerical force required in the performance of the duties imposed by the naturalization laws upon the clerks of the courts in naturalization proceedings. It is also provided, however, that, in case the fees collected exceed the sum of $6,000 in any fiscal year, the Secretary of Labor may allow salaries for additional clerical assistance for naturalization purposes only, but the amount so allowed for additional clerical assistance shall in no case exceed one-half the gross receipts of the clerk for naturalization fees during the fiscal year immediately preceding, etc. The proper construction of 8 USCA § 402, supra, is affected by section 2687 of the Revised Statutes (5 USCA § 57), which provides, among other

things: "* * * And no collector or other officer shall, in any case, receive for his services, either as fees, salary, fines, penalties, forfeitures, or otherwise, for the time he may be in service, beyond the maximum pro rata rate provided by law. And this section shall be applied and enforced in regard to all officers, agents and employees of the United States whomsoever, as well those whose compensation is determined by a commission on disbursements, not to exceed an annual maximum, as those paid by salary or otherwise."

Under this provision it has been held by the Circuit Court of Appeals of the Third Circuit in Robb v. U. S., 233 F. 525, following the decision of the Court of Claims in Darling v. U. S., 51 Ct. Cl. 100, that the clerk is not entitled to one-half of the first $6,000 that comes into his hands, but is only entitled to retain as compensation a pro rata proportion of the $3,000 per annum for the time served. We concur in this conclusion.

Under section 2687 of the Revised Statutes (5 USCA § 57), the fees in excess of the maximum pro rata for each quarter, to wit, $750, belong to the United States, subject to the contingency that the clerk might perform services for subsequent quarters in which the fees might be so small in amount that it would require a portion of the amount theretofore collected to make up the pro rata amount due for the services during the later period. The rule of the Department of Labor would permit the clerk to retain so much of the fees collected during each quarter as is necessary to make up his pro rata compensation for that and preceding quarters. It is possible that the total amount of fees collected in the last quarter would be less than $750, although the average for the previous quarters had been twice that sum. In that case, if the balance of the fees to which the clerk would be entitled for the year exceed the total fees collected during the last quarter, he would be required to make a claim therefor against the government.

In view of this situation, the regulation of the Secretary of Labor with reference to the payment of fees to the Commissioner of Naturalization is not in conflict with the right of the clerk to retain fees under section 13 of the Naturalization Act (supra), as modified by section 2687 of the Revised Statutes, supra, and is not an unreasonable exercise of the powers of the Secretary to make rules granted in 8 USCA § 356. This latter section provides: "The Commissioner of Naturalization, with the approval of the Secretary of Labor, shall make such rules and reg-ulations and such changes in the forms prescribed by section 409 [27] of this title as may be necessary to carry into effect the provisions of the naturalization laws."

Judgment affirmed.